Mario RONZANI, Appellant,

v.

SANOFI S.A., Sanofi Incorporated, and Arnhold and S. Bleichroeder, Incorporated, Appellees.

No. 754, Docket 89–7951.

United States Court of Appeals, Second Circuit.

Argued March 5, 1990.
Decided March 27, 1990.

David A. Cutner, New York City (Clifford A. Rathkopf, Jr., and Cutner & Rathkopf, New York City, on the brief), for appellant Mario Ronzani.

Elliot Paskoff, New York City (James B. Swire, Avrom E. Greenberg, and Townley & Updike, New York City, on the brief) for appellee Sanofi S.A. and Sanofi Inc.

Thomas M. Geisler, Jr., and Shearman & Sterling, New York City, for appellee Arnhold and S. Bleichroeder, Inc.

Before TIMBERS, MESKILL and ALTIMARI, Circuit Judges.

TIMBERS, Circuit Judge:

Appellant Mario Ronzani appeals from a judgment entered August 23, 1989, in the Southern District of New York, Thomas P. Griesa, *District Judge*, dismissing his amended complaint, which alleged claims under § 10(b) of the Securities Exchange Act of 1934 and § 17(a) of the Securities Act of 1933. The amended complaint was dismissed for failure to allege any claims cognizable under the federal securities laws. With the federal claims disposed of, the court then dismissed the pendent state law claims. Leave to amend was not granted.

On appeal, Ronzani asserts that the district court erred (1) in holding that he was not a purchaser or seller within the meaning of § 10(b); (2) in holding that there was no valid claim under § 17(a); and (3) in dismissing his amended complaint without leave to amend.

For the reasons which follow, we vacate the judgment of the district court and remand the case to the district court to give Ronzani an opportunity to amend his complaint.

## I.

We summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.

■ Since this is an appeal from a judgment granting a motion to dismiss, the allegations of the amended complaint are taken as true. In reviewing the sufficiency of the complaint, we will consider only the facts alleged in the amended complaint and any documents attached thereto as exhibits or incorporated by reference. *Cosmas v. Hassett*, 886 F.2d 8, 13 (2 Cir.1989).

The amended complaint alleged that, in January 1987, Ronzani learned that American Cyanamid Company ("Cyanamid"), a pharmaceutical and cosmetics company, was interested in selling two of its subsidi-

aries: La Prairie, Inc. ("La Prairie"), a skin-care products company, and Jacqueline Cochran, Inc. ("Jacqueline Cochran"), a fragrance company. While Ronzani wanted to acquire only La Prairie, Cyanamid intended to sell both companies in a single transaction. In March 1987, Ronzani met with representatives of appellee Sanofi S.A. ("Sanofi") to discuss the possibility of making a joint bid for La Prairie and Jacqueline Cochran. Sanofi indicated that it was interested in acquiring Jacqueline Cochran but not La Prairie.

The amended complaint alleged that, at this meeting in March 1987, Ronzani and Sanofi entered into an agreement to submit a joint bid to Cyanamid to purchase La Prairie and Jacqueline Cochran. The agreement provided, according to the complaint, that "if the combined offer were accepted, [Ronzani] would acquire all of the issued and outstanding shares of La Prairie, and [Sanofi] would acquire all of the issued and outstanding shares of Jacqueline Cochran."

The amended complaint further alleged that, on March 30, 1987, the purchasing parties submitted a joint offer to Cyanamid's investment banker, Goldman, Sachs & Company. On April 1, 1987, without any prior notice to Ronzani, Sanofi made an independent offer to purchase both La Prairie and Jacqueline Cochran for $54 million. Cyanamid accepted the offer. Sanofi refused to resell the La Prairie shares to Ronzani. Instead it resold them to a third party for a $20 million profit.

On July 1, 1988, Ronzani commenced the instant action against Sanofi and its investment banker, appellee Arnhold and S. Bleichroeder, Inc. The complaint alleged violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1988), and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b.5 (1989); and of § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a) (1988). It also alleged pendent state law claims.

Before any responsive pleadings were served, Ronzani filed an amended complaint on October 20, 1988 pursuant to Fed. R.Civ.P. 15(a).

On January 28, 1989, Sanofi moved to dismiss the amended complaint pursuant to Fed.R.Civ.P. 9(b), 12(b)(1) and 12(b)(6).

On August 22, 1989, the district court granted Sanofi's motion and dismissed the amended complaint without leave to amend. It held that the complaint merely alleged an agreement to make a joint offer to Cyanamid to purchase securities, and that the alleged agreement "did not provide for any purchase or sale transactions *between* [the parties], but provided for [Ronzani] to obtain one subsidiary from Cyanamid and for [Sanofi] to obtain the other subsidiary from Cyanamid." Accordingly, it held that Ronzani was not a purchaser or seller of securities under § 10(b) because "[m]ere offers to purchase or sell securities are not covered by § 10(b)." It also held that, since the alleged transaction "did not involve any sale of securities by [Sanofi] or any offer by [Sanofi] to sell securities," the § 17(a) claim also must be dismissed. With no independent jurisdictional basis over the pendent state claims, the court dismissed those claims.

This appeal followed.

## II.

■ Ronzani challenges the district court's reading of the amended complaint. He contends that he properly alleged a contract to purchase securities. He further contends that the amended complaint, when construed in the light most favorable to him, alleged that the parties had "an agreement which required Sanofi to sell, and Ronzani to purchase, securities that Sanofi obtained from Cyanamid." Although we are required to read the amended complaint with "great generosity on a motion to dismiss," *Yoder v. Orthomolecular Nutrition Inst., Inc.*, 751 F.2d 555, 558 (2 Cir.1985), we are constrained not to accept this interpretation.

We are inclined to agree with the district court that the amended complaint does not allege that there was a contractual relationship to buy or sell securities *between* the parties. There is no reference in the amended complaint to a contract which required Sanofi to resell the La Prairie

shares to Ronzani. The amended complaint alleged only one agreement: that the purchasing parties would submit a "combined offer" to Cyanamid to acquire its subsidiaries. Under the agreement as pleaded, if the joint offer were accepted by Cyanamid, Ronzani would acquire the La Prairie shares and Sanofi would acquire the Jacqueline Cochran shares.

Read in this manner, the gravamen of the amended complaint is that Sanofi breached an agreement to make a joint offer to Cyanamid when it independently purchased the two subsidiaries from Cyanamid. As it appears that the district court correctly held, this allegation is insufficient to state a claim under § 10(b) and Rule 10b–5. *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 731–32 (1975) ("the plaintiff class for purposes of § 10(b) and Rule 10b–5 private damage actions is limited to purchasers and sellers of securities"); *id.* at 756 (Powell, J., concurring). Moreover, since the amended complaint (read in the light most favorable to Ronzani) does not allege that Sanofi was a seller or offeror of securities, the court appears to have correctly determined that Ronzani did not allege a valid claim under § 17(a). *Aaron v. Securities and Exchange Comm'n,* 446 U.S. 680, 687 (1980); *Fund of Funds, Ltd. v. Arthur Andersen & Co.,* 545 F.Supp. 1314, 1353 (S.D.N.Y.1982) ("Federal courts at all levels have agreed ... that § 17(a) is limited in its application to offerors or sellers."). Accordingly, we need not address Sanofi's contention that there is no private right of action under § 17(a). *Compare Kirshner v. United States,* 603 F.2d 234 (2 Cir.1978) (there is a private right of action under § 17(a)), *cert. denied,* 442 U.S. 909 (1979), *with Schlifke v. Seafirst Corp.,* 866 F.2d 935 (7 Cir.1989) (refusing to imply a private right of action under § 17(a)), *and Newcome v. Esrey,* 862 F.2d 1099 (4 Cir.1988) (en banc) (same), *and Currie v. Cayman Resources Corp.,* 835 F.2d 780 (11 Cir.1988) (same), *and In re Washington Pub. Power Supply Sys. Sec. Litig.,* 823 F.2d 1349 (9 Cir.1987) (en banc) (same), *and Deviries v. Prudential–Bache Sec., Inc.,* 805 F.2d 326 (8 Cir.1986) (same), *and Landry v. All American Assurance Co.,* 688 F.2d 381 (5 Cir.1982) (same). *See also Yoder v. Orthomolecular Nutrition Inst., Inc., supra,* 751 F.2d at 559 n. 3 (suggesting that *Kirshner* "may be open to reexamination").

III.

Fed.R.Civ.P. 15(a) requires that "leave [to amend] shall be freely given when justice so requires." *See Foman v. Davis,* 371 U.S. 178, 182 (1962). When a motion to dismiss is granted, "the usual practice is to grant leave to amend the complaint." 2A Moore & Lucas, Moore's Federal Practice ¶ 12.14 at 12–99 (2d ed. 1989); *see also Luce v. Edelstein,* 802 F.2d 49, 56 (2 Cir.1986) ("Complaints dismissed under Rule 9(b) are 'almost always' dismissed with leave to amend."). Although the decision whether to grant leave to amend is within the discretion of the district court, refusal to grant leave must be based on a valid ground. *Foman v. Davis, supra,* 371 U.S. at 182 ("outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion").

Ronzani's original complaint was amended, pursuant to Rule 15(a), "as a matter of course ... before a responsive pleading [was] served." In his supplemental memorandum in opposition to the motion to dismiss, Ronzani offered to amend his pleading to correct any perceived deficiencies with respect to his claims under the federal securities laws. In dismissing the amended complaint, however, the district court did not mention Ronzani's offer to amend and gave no reason for denying it. Since Ronzani had not previously been given leave to amend, and had offered to amend his complaint, we hold that the court abused its discretion in dismissing the complaint without leave to amend.

In reaching this conclusion, we reject Sanofi's contention that the district court properly dismissed the amended complaint without leave to amend since an amendment would have served no purpose. *Kaster v. Modification Sys., Inc.,* 731 F.2d 1014, 1018 (2 Cir.1984) ("That the amend-

ments would not serve any purpose is a valid ground to deny a motion for leave to amend.").

On this record we cannot make a determination that Ronzani could not correct deficiencies in his complaint. We prefer to leave this determination to the district court on remand.

Nothing in this opinion should be construed as a decision on the merits as to the sufficiency of the allegations of the amended complaint. That is left to the district court on remand, and without prejudice to the parties on any subsequent appeal. All we decide today is that, on the basis of appellant's claims, he is entitled to an opportunity to amend his complaint.

### IV.

To summarize:

While we tend to agree with the district court that the amended complaint as it now stands was insufficient to state valid claims under the federal securities laws, we hold that the dismissal of the amended complaint without leave to amend was an abuse of discretion. We therefore vacate the judgment of the district court and remand for further proceedings consistent with this opinion.

Vacated and remanded.