FANBRELLA, INC., Plaintiff,

v.

EDT PRODUCTS, INC., T.E. Torkelson a/k/a Ed Torkelson and Sport Cook, Inc., Defendants.

No. CV 98–4011 ADS.

United States District Court, E.D. New York.

March 17, 1999.

Bracken & Margolin, LLP, Islandia, N.Y., by William J. Graham, of counsel, for the plaintiff.

Kenyon & Kenyon, New York City, by James E. Rosini, of counsel, Dana R. Kaplan, of counsel, Gregg A. Paradise, of counsel, for the defendants.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On May 6, 1998, Fanbrella, Inc. (the "plaintiff" or "Fanbrella"), commenced this action by filing a verified complaint in the Supreme Court of the State of New York, Nassau County seeking monetary damages and injunctive relief restraining EDT Products, Inc. ("EDT"), T.E. Torkelson ("Torkelson"), and Sport Cook, Inc. ("Sports Cook") (collectively, the "defendants") from unfair competition and misappropriation of trade secrets. On June 4, 1998, this action was removed to this Court.

On June 24, 1998 and June 25, 1998 a hearing was held before United States Magistrate Judge Viktor V. Pohorelsky. On August 11, 1998, Judge Pohorelsky issued a Report and Recommendation, that recommended that the plaintiff's motion for preliminary injunctive relief be denied. On October 8, 1998, without objection, this Court adopted Judge Pohorelsky's Report and Recommendation in its entirety.

Presently before the Court is the defendants' motion to dismiss pursuant to Rule 12(b)(7) and 19 of the Federal Rule of Civil Procedure ("Fed.R.Civ.P."). The defendants argue that because the plaintiff has failed to join a necessary and indispensable party, namely Sportsbrella, LLC ("Sportsbrella"), the case should be dismissed. The plaintiff opposes the defendants' motion and cross-

moves to amend its complaint pursuant to Fed.R.Civ.P. 15. The defendants have consented to the plaintiff's motion to amend, but contend that their motion to dismiss pursuant to Rule 12(b)(7) should be granted notwithstanding the amended complaint.

## I. BACKGROUND

The facts in this case were cogently summarized in Judge Pohorelsky's Report and Recommendation which was adopted by this Court. A brief summary for the purpose of determining these motions will follow.

Fanbrella is a Delaware corporation, with its principal place of business in New York. In 1995, Fanbrella sought to produce and market an umbrella in the shape of a football helmet. The umbrella was to be adorned with the colors and logos of various collegiate and professional football teams. In February 1996, David Powers, the Vice President of Fanbrella, met with Ed Torkelson, the president and principal shareholder of EDT, a Florida corporation with its principal place of business in Florida, to discuss a marketing plan and the possibility of EDT procuring licensing agreements from various sports entities to use their various logos. Fanbrella and EDT signed a nondisclosure agreement ("first contract"), wherein Torkelson agreed to keep confidential all information disclosed, and not to "circumvent" Fanbrella's efforts to promote and sell the product. The contract also contained a liquidated damages clause wherein Torkelson promised to "pay compensation for any consequential and incidental damages" resulting from a breach of the contract provisions. After the first contract was signed, Powers revealed the concept to Torkelson and displayed three samples of the product that he and Joann Schmitt, the President of Fanbrella, were seeking to market.

EDT and Fanbrella entered into a second contract in early June 1996, wherein EDT agreed to obtain licenses from the "NFL" and other organizations such as the "CLC," and the "LRG." Once those licenses were obtained, EDT agreed to "sublicense" the use of the logos to Fanbrella for the purpose of marketing and selling the umbrellas. As part of the second contract, Fanbrella asserted that it had "patents pending" on the unique umbrella—a representation that was subsequently found to be false.

EDT began to develop a marketing strategy for the umbrellas over the following several months, and received $3,000 from Fanbrella for its services. Approximately one year later, in July 1997, EDT obtained a sublicense agreement in its own name to use the various team logos. Much to the dismay of Schmitt, Torkelson informed Fanbrella that it had made a royalty commitment for the use of the logos with another company named Sport Cook, by the terms of which Sport Cook would receive a prepayment of $25,000 for the sub-license.

On July 8, 1997, Fanbrella first became aware of EDT's intention to market the helmet-shaped umbrella exclusively with Sport Cook without involvement from Fanbrella. Torkelson told Schmitt that he believed that the concept of a helmet-shaped umbrella was in the public domain. Torkelson's comment was based upon his belief that Fanbrella did not have a valid legal claim to the design. In fact, at the preliminary injunction hearing before Judge Pohorelsky, Torkelson testified that he learned that one other company was selling a helmet-shaped umbrella exactly like the one that Fanbrella had attempted to sell to him. In addition, Robert Harrick, the owner of Sportsbrella, testified that he had a claim of ownership to the design of the helmet-shaped umbrella. According to Harrick, Sportsbrella has continuously been marketing the helmet-shaped umbrella since 1988.

After attempting to resolve the dispute amicably, Fanbrella filed a verified complaint in the Supreme Court, Nassau County, seeking injunctive relief and damages as a result of an alleged breach of contract. The verified complaint included claims for misappropriation of trade secrets, unfair competition, and breach of contract.

## II. DISCUSSION

### A. *Motion to Amend the Pleadings*

In response to the defendants' motion to dismiss, Fanbrella cross-moved to amend its verified complaint pursuant to Fed.R.Civ.P. 15. Rule 15 states, in pertinent part, that "a

party may amend ... [its] pleading only by leave of court or by written consent of the adverse party." Fed.R.Civ.P. 15(a); *see also Jones v. New York State Division of Military and Naval Affairs,* 166 F.3d 45, 49 (2d Cir.1999). However, "leave [to amend a pleading] shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *see also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Jones,* 166 F.3d at 49; *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129 (2d Cir.1993); *Ronzani v. Sanofi S.A.,* 899 F.2d 195, 198 (2d Cir.1990).

■ While amendment is to be freely granted, if an amendment would be futile, "it is not an abuse of discretion to deny leave to amend" to the moving party. *Ruffolo,* 987 F.2d at 131. Nor is the district court obligated to grant leave if the proposed amendment is without merit. *See Health–Chem Corp. v. Baker,* 915 F.2d 805, 810 (2d Cir. 1990). It is within this framework that the court addresses the plaintiff's motion to amend its pleadings.

Fanbrella's amended complaint deletes the first cause of action. Also, Fanbrella contends that its amended complaint eliminates any necessity to join Sportsbrella as a party. Fanbrella's original complaint alleged misappropriation of trade secrets and unfair competition. Specifically, Fanbrella's original complaint alleged that it "possessed a trade secret which consisted of the design of a unique, helmet shaped umbrella," and that the defendants converted such information. Fanbrella further alleged that the defendants used the trade secrets to obtain sublicensing agreements and to sell the umbrellas that were shaped like football helmets.

In the expectation that Sportsbrella will no longer be a necessary party within the meaning of Rule 19, Fanbrella seeks leave of the Court to file an amended complaint that deletes the misappropriation of trade secrets and unfair competition causes of action—thus removing any issue as to whether Fanbrella possessed a unique trade secret. Rule 19(a) states in pertinent part that:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a).

■ The defendants' consent to the proposed amendment, but contend that the amended complaint fails to join Sportsbrella as a necessary party, and should be dismissed. As the defendants have not objected to the filing of the amended complaint, the Court grants Fanbrella's motion to file its amended complaint.

The Court will now determine whether Fanbrella's amended complaint should be dismissed for failure to join Sportsbrella as a necessary party under the provisions of Rule 19.

**B. *The Defendants' Motion to Dismiss Pursuant to Rule 12(b)(7)***

The defendants contend that the plaintiff's amended complaint should be dismissed pursuant to Rule 12(b)(7) because Sportsbrella is a necessary party and has not been joined.

■ Rule 12(b)(7) provides for a dismissal of a complaint where the plaintiff has failed to join a necessary party under Rule 19. Rule 19 sets-forth a two prong test to determine whether an action must be dismissed pursuant to a Rule 12(b)(7) motion. In its analysis, the Court must consider the "pleadings as they appear at the time of the proposed joinder." *Associated Dry Goods v. Towers Fin. Corp.,* 920 F.2d 1121, 1123–24 (2d Cir.1990) (quoting 7 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1604, at 40 [1986] ).

■ The first prong of the test considers the requirements of when a party is "necessary" to an action. In order to determine if

a party is "necessary," the Court must determine whether: (1) complete relief can be granted to the present parties; or (2) if the third party claims an interest in the disposition of the current proceedings, and that interest would be impaired if he were not a party to the present action, or the present parties would be subject to future liability because of the failure to join the third party. *See* Fed.R.Civ.P. 19; *Jota v. Texaco, Inc.*, 157 F.3d 153, 161 (2d Cir.1998) (recognizing the "necessary" requirement in the rule); *ConnTech Dev. Co. v. University of Conn. Educ. Properties*, 102 F.3d 677, 681 (2d Cir. 1996) (stating that the court must first determine whether the party is necessary, then it must determine whether joinder is feasible); *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 48 (2d Cir.1996).

■ If the Court determines that the particular party is "necessary," it will order that party joined—if feasible. *ConnTech*, 102 F.3d at 682 (stating the court must also determine the feasibility of joinder). However, if for some reason it is impossible for the third party to be joined, such as an instance where subject matter jurisdiction would be destroyed by compulsory joinder, or one where the Court does not have personal jurisdiction over the individual, the Court must determine the proper course of action pursuant to Rule 19(b). *See Jota*, 157 F.3d at 162 (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. at 108–125, 88 S.Ct. 733 (stating dismissal is not authorized merely because it is not feasible to join a necessary party)); Fed.R.Civ.P. 19(b).

Rule 19(b), which comprises the second prong of the test, delineates four factors to be considered where a party is deemed "necessary" pursuant to Rule 19(a), but for some reason cannot be joined. *See ConnTech*, 102 F.3d at 681 (stating that the Rule 19(b) factors must be considered if a party is found necessary pursuant to Rule 19(a)). If a party is deemed necessary, but is unable to be joined, the Court will look to part (b) to decide whether dismissal is appropriate. *See Jota*, 157 F.3d at 162 (relaying the necessity to consider the Rule 19(b) factors to aid it in determining "whether in equity and good conscience the action should proceed among

the parties before it"); *ConnTech*, 102 F.3d at 681 (recognizing the necessity of an exploration of the 19(b) factors subsequent to a finding of a necessary but unjoinable party). In so determining, the Court must consider:

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b).

■ After careful consideration of the relevant factors, and an application of all the facts and circumstances, the Court must decide whether, "in equity and good conscience the action should proceed among the parties before it, or whether [it] should be dismissed." *Id.; Provident Tradesmens*, 390 U.S. at 108, 88 S.Ct. 733 (holding that a court may proceed in the absence of a necessary party if the factors in Rule 19(b) are not met).

### 1. *Is Sportsbrella a Necessary Party?*

■ Fanbrella's amended complaint is based primarily upon breach of contract claims. There is no issue that Sportsbrella was not a party to any of the relevant contracts between Fanbrella, EDT, and Sport Cook. The defendants argue, however, that relief cannot be granted to Fanbrella on the contract claims because it "claimed property rights [in the first contract] which it did not possess." In essence, the defendants submit that there could not have been a contractual relationship between the parties because Fanbrella did not own the idea of helmet-shaped umbrellas, and thus, could not contract with EDT regarding a nondisclosure agreement. The defendants further argue that the concept of the helmet-shaped umbrella was in the public domain because it had been produced ten years earlier.

While these arguments may be appropriate in the context of a Rule 12(b)(6) motion to dismiss, or a summary judgment motion, at this phase, the Court is limited to considering whether Sportsbrella is a necessary party under Rule 19. *See Clarendon, Ltd. v. State Bank of Saurashtra,* 77 F.3d 631, 635 (2d Cir.1996) (refusing to rule on the legal sufficiency of plaintiff's complaint on a 12(b)(7) motion because the plaintiff did not have the notice to "defend the legal sufficiency" of his complaint).

■ The general rule regarding a Rule 12(b)(7) motion where a contract is involved is that "[a] non-party to a commercial contract ordinarily is not a necessary party to an adjudication of rights under the contract." *ConnTech,* 102 F.3d at 682 (quoting *Northrop Corp. v. McDonnell Douglas Corp.,* 705 F.2d 1030, 1044 (9th Cir.1983)). By reason of the fact that Sportsbrella was not a party to any of the relevant contracts, appropriate relief may be obtained by the present parties without the inclusion of Sportsbrella. While an officer of Sportsbrella may eventually be called as a witness if this case proceeds to trial, in the Court's view, complete relief can be obtained between the present parties to this litigation without the presence of Sportsbrella.

■ In addition, the Court recognizes that the purpose of Rule 19 is to fulfill the objectives of a broad scope of litigation and "full adjudication of disputes with a minimum of litigation effort." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure:* Civil 2d § 1602 (citing *Provident Tradesmens,* 390 U.S. 102, 88 S.Ct. 733). It is clear to this Court that Sportsbrella has no real interest in the disposition of this matter. Sportsbrella's absence from these proceedings will not affect its ability to protect its interest, if any, in the helmet-shaped umbrella. In fact, Sportsbrella has commenced proceedings to register the item as a trademark, and may be able to litigate in the appropriate court against any of the parties in this litigation, based upon an infringement of its trademark.

Finally, the defendants contend that Sportsbrella's rights could be seriously impeded by a decision in favor of Fanbrella because such a decision could 1) impede Sportsbrella's prosecution of its trademark before the Patent and Trademark Office; 2) adversely affect Sportsbrella in a potential lawsuit against Fanbrella; and/or 3) impair Sportsbrella's future business prospects.

The Court finds these arguments unpersuasive. The absence of Sportsbrella in this litigation will not impede it in any respect. The Court cannot fathom how the present litigation would prevent Sportsbrella from prosecuting its trademark before the Patent and Trademark Office, adversely affect Sportsbrella in any lawsuit, or impair Sportsbrella's future business prospects.

As a result, the Court finds that Sportsbrella is not a "necessary" party under Rule 19(a), and therefore denies the defendants' motion to dismiss the amended complaint pursuant to Rule 12(b)(7).

### III. CONCLUSION

Having reviewed the parties' submissions, it is hereby

**ORDERED,** that the plaintiff's motion to file the amended complaint is **GRANTED;** and it is further

**ORDERED,** that the defendants' motion seeking dismissal of plaintiff's amended complaint is **DENIED.**

**SO ORDERED.**