**James KEADY, Plaintiff–Appellant,**

v.

**NIKE, INC. and St. John's University, Defendants–Appellees.**

**Docket No. 00–9339.**

United States Court of Appeals, Second Circuit.

Oct. 1, 2001.

Joel D. Joseph, Washington, DC, for appellant.

Daniel Weisberg, Brobeck, Phleger & Harrison, New York, NY, for appellee Nike, Inc.

Laura Sack; Raymond G. McGuire and Lyle S. Zuckerman, on the brief, Kauff,

McClain & McGuire LLP, New York, NY, for appellee St. John's University.

Present JACOBS, PARKER, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED in part and VACATED AND REMANDED in part.

Plaintiff–Appellant James Keady appeals from the September 26, 2000 judgment of the district court entered upon the court's September 21, 2000 opinion and order granting the motions to dismiss made by Defendants–Appellees Nike, Inc. ("Nike") and St. John's University ("St. John's"), and denying Keady's motion for leave to amend his complaint.

This case arises from Keady's vocal opposition to the practices of Nike and to the decision by St. John's to contract with Nike. Keady alleges that he was constructively discharged from his position as an administrative assistant at St. John's due to this opposition. Keady filed suit in November 1999, alleging, inter alia: violations of his civil rights under 42 U.S.C. §§ 1985(3) and 1986; a criminal conspiracy to deprive him of his civil rights under 18 U.S.C. § 241; defamation; discrimination on account of his religion in violation of the New York State Human Rights Law and the New York City Human Rights Law (collectively, "NYHRL"); and breach of contract. St. John's moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(1), 12(b)(6), and 12(c). Nike moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(6). After responding to the motions, Keady moved to amend his complaint.

On September 21, 2000, the district court issued an opinion and order granting both of Defendants Appellees' motions,

and denying Keady's motion. *Keady v. Nike, Inc.,* 116 F.Supp.2d 428 (S.D.N.Y. 2000).

With respect to Plaintiff's § 1985(3) claim, the court ruled, inter alia, that the claim failed because Plaintiff's allegations were too conclusory to survive a motion to dismiss. *Id.* at 434–35. The court dismissed Plaintiff's § 1986 claim because it was dependent on his failed § 1985(3) claim. *Id.* at 435. In addition, the court ruled that Plaintiff's 18 U.S.C. § 241 claim failed because that criminal statute does not allow private rights of action. *Id.* at 435–36. The court then opted to exercise supplemental jurisdiction over Keady's state law claims, and dismissed them as well. *Id.* at 436–39.

■ We review a district court's decision to grant a motion to dismiss de novo, *Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998), taking all factual allegations as true and construing all reasonable inferences in the nonmovant's favor, *Lee v. Bankers Trust,* 166 F.3d 540, 543 (2d Cir. 1999). We review the district court's decision to deny a motion for leave to amend the complaint for abuse of discretion. *Ronzani v. Sanofi S.A.,* 899 F.2d 195, 199 (2d Cir.1990).

We agree with the district court's conclusion that Keady's complaint is too conclusory to allege a § 1985 claim. With respect to Plaintiff's 42 U.S.C. § 1986 and 18 U.S.C. § 241 claims, we agree with the district court's reasons for dismissing these claims. We therefore affirm the district court's decision to dismiss Keady's federal claims.

In addition, we affirm the district court's decision to deny Keady's motion for leave to amend the complaint for substantially the same reasons as set forth in the court's opinion and order.

■ We do not agree, however, with the district court's determination that supplemental jurisdiction was "warranted in this case" due to considerations of "judicial economy and fairness to the litigants." *Keady,* 116 F.Supp.2d at 436.

■ A federal court has supplemental jurisdiction over state law claims whenever a federal law claim confers subject matter jurisdiction on the court and both claims "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Although the decision whether to dismiss pendent state claims is within the district court's discretion, failure to dismiss a pendent claim after dismissing all of a plaintiff's federal claims "may be an abuse of the district court's discretion," especially when that state claim involves "novel questions of state law." *Robison v. Via,* 821 F.2d 913, 925 (2d Cir.1987); *accord Raucci v. Town of Rotterdam,* 902 F.2d 1050, 1054 (2d Cir.1990); *Morse v. Univ. of Vt.,* 973 F.2d 122, 127 (2d Cir.1992). "The court must 'consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction' over the pendent claim." *Raucci,* 902 F.2d at 1055 (quoting *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill,* 484 U.S. at 350.

We have frequently upheld summary judgments with respect to both state and federal claims in cases brought under 42 U.S.C. § 2000e *et seq.* ("Title VII") and corresponding state discrimination laws. *See, e.g., Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 715 (2d Cir.1996).

Here, however, none of Keady's state law claims fully corresponded to his federal law claims. Although identical standards apply to employment discrimination claims brought under NYHRL and Title VII, Keady did not bring a Title VII claim, but rather a § 1985(3) claim, for which the standards are different from a NYHRL claim. Moreover, considerations of judicial economy are less strong here, where we are faced not with a situation in which discovery has been completed and the district court has granted summary judgment, but rather a situation in which the court granted a motion to dismiss based on allegations made in the complaint (albeit after several pre-trial conferences). Most important, while the question of whether Keady has properly alleged a NYHRL claim based on religious discrimination does not necessarily present a "novel question[ ] of state law," *Robison,* 821 F.2d at 925, we think that the answer to this question is better resolved by a New York court.

Thus, although we commend the district court for doing its best to resolve these claims in a way that it deemed most fair to the litigants, we conclude that, on balance, the district court abused its discretion by retaining jurisdiction over Keady's state law claims after dismissing his federal claims. We therefore vacate the district court's dismissal with prejudice of Keady's state law claims, and remand to the district court with instructions to dismiss Keady's state law claims without prejudice.

For the reasons set forth above, the judgment of the district court is AFFIRMED in part and VACATED AND REMANDED in part.