**Sean Alan NELSON, Plaintiff,**

v.

**NIELSEN MEDIA RESEARCH INC., Defendant.**

**No. 02 Civ. 1222(VM).**

United States District Court, S.D. New York.

June 27, 2002.

Sean Alan Nelson, Scotch Plains, NJ, pro se.

Robert S. Whitman, Aimee Meltzer Florin, Orrick, Herrington & Sutcliffe, L.L.P., New York City, for defendant.

## DECISION AND ORDER

MARRERO, District Judge.

*Pro se* plaintiff Sean Alan Nelson ("Nelson") filed this action in New York State Court against his former employer, Nielsen Media Research, Inc. ("Nielsen") alleging breach of contract, promissory estoppel and fraud. Nielsen removed the action to this Court, pursuant to 28 U.S.C. § 1441. Nielsen then moved for dismissal of Nelson's Endorsed Complaint under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), on the grounds that Nelson's common law claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). The Court grants Nielsen's motion to dismiss.

## I. BACKGROUND

Nelson was employed by Nielsen from July 2000 until his termination in August 2001. (*See* Declaration of Laurie Farrell, dated February 12, 2002 ("Farrell Decl."), at ¶ 3.) Around the time of his termination, Nelson requested severance benefits pursuant to the Nielsen employee benefit plan that had been made available to him, called the Nielsen Media Research, Inc. Career Transition Plan ("the Plan"). The Plan provides employees with severance benefits in the event of involuntary termination of their employment and is explicitly governed by ERISA. (*Id.,* at ¶ 2.) In December, 2001, Nielsen's Employee Benefits Committee, which serves as the administrator of the Plan, denied Nelson's request on grounds that he was ineligible for Plan benefits. (*Id.,* at ¶ 3.)

On January 23, 2002, Nelson commenced this action in the Civil Court of the City of New York, New York County, alleging that his former employer committed breach of contract, promissory estoppel and fraud. Nelson failed to include a statement describing the nature and sub-

stance of his cause of action, instead listing only "breach of contract," "promissory estoppel," and "fraud" on the complaint, as required by New York Law. N.Y.City Civ. Ct.Act § 903 (McKinney 1989). On February 14, 2002, Nielsen removed the case, involving the Court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331, because Nelson's claims necessarily involve ERISA. Nielsen then moved for a dismissal of Nelson's complaint, pursuant to Rule 12(b)(6), on February 22, 2002, arguing that Nelson's claims are preempted by ERISA because his departure from the company, as well as his later request for severance pay, indicate that this action was brought to recover benefits solely under the terms of the Plan.

## II. *DISCUSSION*

### A. *STANDARD OF REVIEW*

Under Rule 12(b)(6), a party may challenge a complaint for failure to state a claim upon which relief can be granted. Dismissal for failure to state a claim is proper where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Harris v. City of New York,* 186 F.3d 243, 247 (2d Cir.1999) (internal citation and quotation marks omitted); *see Tarshis v. Riese Org.,* 211 F.3d 30, 35 (2d Cir.2000). Courts thus presume all well-pleaded factual allegations in the complaint to be true, and draw all reasonable inferences in favor of the plaintiff. *See* Fed.R.Civ.P. 12(b)(6); *Zinermon v. Burch,* 494 U.S. 113, 118, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Charles W. v. Maul,* 214 F.3d 350, 356 (2d Cir.2000); *EEOC v. Staten Island Sav. Bank,* 207 F.3d 144, 148 (2d Cir.2000). However, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Gebhardt v. Allspect, Inc.,* 96 F.Supp.2d 331, 333 (S.D.N.Y.2000).

### B. *DISCUSSION OF PREEMPTION*

Congress enacted ERISA to ensure that employers could rely on a "single, uniform system of regulation" for employee benefit plans. *Yoran v. Bronx–Lebanon Hospital Center,* No. 96 Civ. 2179, 1999 WL 378350, at *4 (S.D.N.Y. June 10, 1999). Congress deemed such a federal scheme necessary to combat variances and conflicts among state laws, to which employers had been subjected in administering their plans. *See New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 656–57, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995). To facilitate uniformity, ERISA contains a preemption clause, mandating that "the provisions of [ERISA] shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ..." 29 U.S.C. § 1144(a).

In order to determine whether Nelson's claims are preempted by ERISA, the Court must determine if the claims themselves are "related to an employee benefit plan." *Devlin v. Transportation Communications Int'l Union,* 173 F.3d 94, 101 (2d Cir.1999). Congress intended ERISA to "occupy fully the field of employee benefit plans," and to establish the field as " 'exclusively a federal concern.' " *Reichelt v. Emhart Corp.,* 921 F.2d 425, 431 (2d Cir. 1990) (citation omitted).

Courts have "virtually taken it for granted" that state laws which are "specifically designed to affect employee benefit plans" are pre-empted under ERISA. *Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825, 829, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988). "State law" is defined broadly in the statute as including all "laws, decisions, rules, regulations, or other State action having

the effect of law." 29 U.S.C. § 1144(c)(1). A state law "relates to" an employee benefit plan if the law has a "connection with or reference" to the plan, regardless of the state law's underlying intent. *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 139, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). Thus, a state law that "only indirectly affects a plan may nevertheless 'relate to' that plan for preemption purposes." *Keiser v. CDC Investment Mgmt. Corp.,* 160 F.Supp.2d 512, 517 (S.D.N.Y.2001). Nelson asserts three claims arising from the Plan and Nielsen's denial of his request for severance benefits. Thus, his claims' legal bases would fall into the category of state law, implicating preemption.

■ Nelson seeks to recover only the severance benefits described in the Plan, to which he was denied by Nielsen's Employee Benefits Committee. (*See* Farrell Decl., at ¶ 3.) Thus, though the claims are presented as arising under New York State law, their purpose is to recover benefits due under the terms of the Plan. *See* 29 U.S.C. § 1132(a)(1)(B). A "state common law action which merely amounts to an alternative theory of recovery for conduct actionable under ERISA is preempted." *Diduck v. Kaszycki & Sons Contractors, Inc.,* 974 F.2d 270, 288 (2d Cir.1992). State law claims seeking severance pay are preempted in situations in which they are in direct relation to a severance plan. Indeed, ERISA "preempts civil actions against employers for severance pay predicated on common law contract principles." *Reichelt,* 921 F.2d at 431.

Furthermore, courts have established that the state law claims of fraud and promissory estoppel seeking employment benefits including severance pay are preempted. *See, e.g., Diduck,* 974 F.2d at 288 (holding that ERISA is the exclusive remedy for a fraud claim which meets the relation requirement to an employee bene-

fit plan governed by ERISA); *Snyder v. Elliot W. Dann Co.,* 854 F.Supp. 264, 273 (S.D.N.Y.1994) (holding that all state common law claims of promissory estoppel, breach of contract, or fraud are as a matter of law preempted by ERISA).

Finally, the Plan indicates on its face that it is governed by ERISA. In sections such as those entitled "Administration of the Plan" and "Severance Benefits," the text describes in detail the Employee Benefits Committee's authority under ERISA. (*See* Farrell Decl., at ¶ 2, Ex. A); *see also Tischmann v. ITT/Sheraton Corp.,* 145 F.3d 561, 567–68 (2d Cir.1998) (stating that a severance package constituted an "employee welfare benefit plan" within the meaning of ERISA). Consequently, Nelson's claims, though pled in state law terms, are preempted by ERISA. As such, Nelson has failed to state a claim upon which relief may be granted.

A dismissal pursuant to Rule 12(b)(6) typically is made with leave to replead the deficient complaint. *See* Fed.R.Civ.P. 15(a); *see also Ronzani v. Sanofi, S.A.,* 899 F.2d 195, 198 (2d Cir.1990). Thus, Nelson is granted leave to amend his complaint. As justification for its request for an award of costs and attorneys' fees, Nielsen presents only § 502 of ERISA, which governs the discretionary power of courts to award attorneys' fees. However, the cause of action at issue was not brought under ERISA, and the statute cannot apply for neither party has prevailed under its guidelines. Nielsen's request therefore is denied.

### III. *ORDER*

For the foregoing reasons, it is hereby

**ORDERED** that Nielsen's motion to dismiss is GRANTED. Plaintiff is granted leave to file an amended complaint con-

sistent with this Decision and Order within thirty (30) days; and it is finally

**ORDERED** that the Clerk of Court close this case.

**SO ORDERED.**