CITY OF PONTIAC GENERAL EM-
PLOYEES' RETIREMENT SYSTEM
and Southwest Carpenters Pension
Trust, on behalf of themselves and all
others similarly situated, Plaintiffs–
Appellants,

Anthony Capone, individually and on be-
half of all others similarly situated,
Todd Simon, individually and on be-
half of all others similarly situated,
Mariss Partners, LLP, individually
and on behalf of all others similarly
situated, Thomas Cassidy, individually
and on behalf of all others similarly
situated, Alan D. Sadowsky, individu-
ally and on behalf of all others simi-
larly situated, and Barbara Z. Katzin,
individually and on behalf of all oth-
ers similarly situated, Plaintiffs,

v.

MBIA INC., Joseph W. Brown, Gary C.
Dunton, Nicholas Ferreri, Neil G.
Budnick, Douglas C. Hamilton, Rich-
ard Weill, and David Elliot, Defen-
dants–Appellees.

No. 07–1117–cv.

United States Court of Appeals,
Second Circuit.

Nov. 12, 2008.

Sanford Svetcov, for Lerach Coughlin
Stoia Geller Rudman & Robbins, LLP
(Samuel H. Rudman, David A. Rosenfeld,
Mario Alba, Jr., on the brief), for Appel-
lants.

John H. Hall, for Debevoise & Plimpton
LLP (Steven Klugman, Michael R. Poten-
za, Christopher J. Hamilton, on the brief),
for Appellees MBIA, Brown, Dunton, Fer-
reri Budnick and Hamilton.

Paul J. Fishman, for Friedman Kaplan
Seiler & Adelman LLP (John N. Orsini, on
the brief), for Appellee Weill.

Steven R. Peikin, for Sullivan & Crom-
well LLP (Joseph J. Reilly, on the brief),
for Appellee Elliot.

PRESENT: Hon. WALKER, Hon. B.D.
PARKER and Hon. REENA RAGGI,
Circuit Judges.

## SUMMARY ORDER

Plaintiffs–Appellants City of Pontiac General Employees' Retirement System and Southwest Carpenters Pension Trust ("Appellants") appeal from a judgment of the United States District Court for the Southern District of New York (Stanton, J. ). The court granted the motion of Defendants–Appellees MBIA Inc., Joseph W. Brown, Gary C. Dunton, Nicholas Ferreri, Neil G. Budnick, Douglas C. Hamilton, Richard Weill, and David Elliot ("MBIA") to dismiss the complaint, which had asserted claims under sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 and Rule 10b–5. *See* Fed.R.Civ.P. 12(b)(6). The District Court concluded that the complaint was time-barred. We assume the parties' familiarity with the underlying facts, procedural history and issues on appeal.

We affirm the dismissal because, on the record before it at the time of its decision, the District Court correctly found that inquiry notice arose from the report by Gotham Partners Management Co. ("Gotham") and prior disclosures regarding the 1998 reinsurance transactions. The District Court also correctly found that the December 9, 2002 press release by MBIA did not negate the inquiry notice.

We see no reason to interpret the District Court's dismissal to be "with prejudice." Both the District Court's Memorandum Opinion and Order of Feb. 13, 2007 and the Clerk's Judgment filed on Feb. 15, 2007 indicate that the complaint was merely "dismissed." The Clerk's docket entry reflects dismissal "with prejudice[,]" but, as we held in *Savoie v. Merchants Bank,* 166 F.3d 456 (2d Cir.1999), where there is conflict between the docket entry and the District Court's orders, the docket entry is not dispositive. *Id.* at 464. Interpreting the District Court's ruling to be "without prejudice" is also appropriate considering the fact that Appellants had not previously been given leave to amend and requested such an opportunity in their Reply Memorandum of Law filed in response to MBIA's motion to dismiss. *See Oct. 7, 2008 Mem. of Law* at 56–57 ("If the Court identifies any defects in the Complaint, Plaintiffs request the opportunity to replead to cure them."). We have frequently held that requests for leave to amend under such circumstances should be "freely given." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also* Fed.R.Civ.P. 15(a)(2) (advising that a court "should freely give leave [to amend] when justice so requires"). Although Appellees argue that amendment would be futile, "[w]e prefer to leave this determination to the district court on remand." *Ronzani v. Sanofi S.A.,* 899 F.2d 195, 199 (2d Cir.1990); *see also id.* at 198–199 (finding the district court abused its discretion in its implicit denial of plaintiff's request for leave to amend where plaintiff asked for leave to amend in his supplemental memorandum in opposition to the defendant's motion to dismiss, had not previously been given leave to amend, and the panel could not determine on the basis of the record that leave to amend was futile).

Finally, we note that documents proffered by Appellants to us on appeal may add to the mix of relevant information following remand. The District Court may choose to consider the documents when it revisits the question of inquiry notice, should the Appellants file an amended complaint and submit those documents in connection with that complaint.[1]

---

1. Alternatively, Appellees argue that we should affirm the District Court's dismissal of the complaint because Appellants' claims were barred by the applicable statute of re-

For these reasons, the District Court's order is AFFIRMED in part and RE-MANDED in part. Appellants' motion to supplement the record on appeal is DE-NIED as moot.

pose. However, the District Court did not consider this argument below, and we decline to address it on appeal. *See Hartford Courant* *Co. v. Pellegrino*, 380 F.3d 83, 90 (2d Cir. 2004) ("In general, we refrain from analyzing issues not decided below...").