21-1511-cv
*Mucha v. Volkswagen Aktiengesellschaft*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> AMALYA L. KEARSE,
> EUNICE C. LEE,
> *Circuit Judges*.

---

WAYNE MUCHA, LINDA MUCHA,

> *Plaintiffs-Appellants*,

v.                                                        21-1511-cv

MARTIN WINTERKORN,

> *Defendant*,

VOLKSWAGEN AKTIENGESELLSCHAFT, MATTHIAS MÜLLER, FRANK WITTER, HANS DIETER PÖTSCH,

> *Defendants-Appellees*.

---

| | |
|---|---|
| For Plaintiffs-Appellants: | LEAH HEIFETZ-LI (Jacob A. Goldberg, *on the brief*), The Rosen Law Firm, P.A., Jenkintown, PA. |
| For Defendants-Appellees: | SUHANA S. HAN (Robert J. Giuffra, Jr., Justin J. |

DeCamp, Jason E. Kornmehl, *on the brief*), Sullivan & Cromwell LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Wayne Mucha and Linda Mucha ("Plaintiffs-Appellants") appeal from the May 20, 2021 opinion and order of the district court dismissing their Amended Complaint against Defendants-Appellees Volkswagen Aktiengesellschaft ("Volkswagen"), Matthias Müller, Frank Witter, and Hans Dieter Pötsch (collectively, "Defendants-Appellees") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See generally Mucha v. Volkswagen Aktiengesellschaft*, 540 F. Supp. 3d 269 (E.D.N.Y. 2021). The Amended Complaint alleges damages caused by Defendants-Appellees' violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as well as Securities and Exchange Commission ("SEC") Rule 10b-5.[1] Each of the statements identified in the Amended Complaint is alleged to be false or misleading because of Defendants-Appellees' purportedly unlawful or anticompetitive coordination with automobile manufacturers Daimler, BMW, Audi, and Porsche (collectively, with Volkswagen, the "Group of Five") to limit innovation and align on commodities pricing.

On appeal, Plaintiffs-Appellants first argue that the district court abused its discretion by ignoring their request to amend their complaint for a second time, to account for additional reporting on Volkswagen's alleged violation of European competition laws. Plaintiffs-

---

[1] Plaintiffs-Appellants filed their claims as a federal securities class action on behalf of all persons and entities that acquired Volkswagen securities on U.S. Exchanges or via U.S. transactions between August 30, 2012 and July 21, 2017. There was, however, no certification of a class.

Appellants further contend that the district court erred in dismissing their Amended Complaint for failure to: (1) adequately allege that the underlying conduct was illegal; (2) plead with particularity that the challenged statements were false or materially misleading; and (3) plead allegations that raise a strong inference of scienter. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

"We review a district court's grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Henry v. County of Nassau*, 6 F.4th 324, 328 (2d Cir. 2021) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir 2013) (per curiam)) (internal quotation marks omitted). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where the complaint pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557 (brackets omitted)) (internal quotation marks omitted). "We review denials . . . of leave to amend for abuse of discretion, unless 'denial was based on an interpretation of law,' such as futility, in which case our review is *de novo*." *Allen v. Credit Suisse Sec. (USA) LLC*, 895 F.3d 214, 227 (2d Cir. 2018) (citations omitted) (quoting *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 224 (2d Cir. 2017)).

To prevail on claims under section 10(b) and Rule 10b-5, "a plaintiff must allege that the defendant (1) made misstatements or omissions of material fact, (2) with scienter, (3) in connection with the purchase or sale of securities, (4) upon which the plaintiff relied, and (5) that the plaintiff's reliance was the proximate cause of its injury." *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, 19

3

F.4th 145, 149–50 (2d Cir. 2021) (quoting *Setzer v. Omega Healthcare Invs., Inc.*, 968 F.3d 204, 212 (2d Cir. 2020) (internal quotation marks omitted)).    Plaintiffs must also meet two additional, heightened pleading standards.    First, under Federal Rule of Civil Procedure 9(b), plaintiffs "must state with particularity the circumstances constituting fraud."    Second, under the Private Securities Litigation Reform Act ("PSLRA"), "if an allegation regarding the [misleading] statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed."    15 U.S.C. § 78u-4(b)(1).    Here, the district court granted Defendants-Appellees' motion to dismiss based on the failure adequately to allege the first and second securities fraud claim elements, as informed by the PSLRA and Rule 9(b)'s heightened pleading standards.    Addressing principally the first element, we agree that the Amended Complaint does not sufficiently allege a material misstatement or omission.    Further, we discern no basis for remand to permit Plaintiffs-Appellants once again to amend. Accordingly, we affirm the district court's dismissal of the Amended Complaint.

## I.    Misstatements or Omissions of Material Fact

The district court's determination that Plaintiffs-Appellants failed to state a claim for securities fraud rests principally on its conclusion that the Amended Complaint does not adequately allege that Volkswagen engaged in the unlawful conduct that supposedly rendered its statements misleading.    *See Mucha*, 540 F. Supp. 3d at 295.    Specifically, the district court concluded that the Amended Complaint fell short of Rule 9(b) and the PSLRA's heightened pleading standards because it did not identify "any specific laws Defendants violated or explain[] how Volkswagen's conduct ran afoul of those laws."    *Id.*    On appeal, Plaintiffs-Appellants argue that the district court erred in holding that they were required to plead that Volkswagen's

4

conduct was unlawful, rather than anticompetitive, and that they pled with particularity Volkswagen's underlying anticompetitive conduct.   We disagree.[2]

"[W]hen a complaint claims that statements were rendered false or misleading through the non-disclosure of illegal activity, the facts of the underlying illegal acts must also be pleaded with particularity, in accordance with the heightened pleading requirement of Rule 9(b) and the PSLRA."   *Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 465 (2d Cir. 2019).   "In other words, the plaintiff must specify *what* law or standard the defendant violated and *how* the alleged violation occurred."   *Plumber & Steamfitters Loc. 773 Pension Fund v. Danske Bank A/S*, 11 F.4th 90, 99 (2d Cir. 2021).   Here, the Amended Complaint repeatedly alleges that Volkswagen's "illegal collusive activities" rendered the challenged statements false or misleading.   *See, e.g.*, App'x 37, 42, 48, 53.   But the Amended Complaint does not set forth how Defendants-Appellees' collusive conduct was unlawful, nor the manner in which this supposedly unlawful conduct occurred.

Assuming *arguendo* that the Amended Complaint alleges that the challenged statements were false or misleading because Volkswagen was engaged in *anticompetitive*, as opposed to unlawful, conduct, the Amended Complaint still fails to meet Rule 9(b) and the PSLRA's heightened standards.   When plaintiffs bring securities fraud claims based on allegedly

---

[2]  Plaintiffs-Appellants separately contend that Volkswagen was required to disclose its anticompetitive conduct under International Accounting Standard I ("IAS1"), which Plaintiffs-Appellants read to require disclosure of unlawful conduct before the initiation of an investigation. Plaintiffs-Appellants cite no precedent holding that IAS1 requires pre-investigation disclosure, and there is some authority suggesting the opposite.   *Cf. In re Lions Gate Ent. Corp. Sec. Litig.*, 165 F. Supp. 3d 1, 20 (S.D.N.Y. 2016) (holding that Item 303 of Regulation S-K, which contains similar language to IAS1, does not require disclosure of an SEC staff investigation and Wells Notices where the complaint does not suggest that the investigation would have a material effect on the defendant company's liquidity).   We need not resolve the question, however, in light of the Amended Complaint's overall failure adequately to set forth the nature of the unlawful or anticompetitive conduct supposedly required to be disclosed.

5

anticompetitive conduct, they must plead "sufficient — though not exhaustive — facts describing the essential elements of that underlying conduct." *See Gamm*, 944 F.3d at 464; *see also Maric v. St. Agnes Hosp. Corp.*, 65 F.3d 310, 313 (2d Cir. 1995) (stating that the basic elements of an antitrust conspiracy are "(1) a contract, combination, or conspiracy; (2) in restraint of trade; (3) affecting interstate commerce"). Plaintiffs-Appellants point to investigations by European authorities, the use of working groups, and agreements regarding certain technical standards. But they fail to allege with sufficient particularity how the working groups facilitated the larger cartel that they assert to have existed, nor do they allege what was agreed to in the working groups, and "whether and how [Volkswagen's allegedly collusive conduct] affected trade." *Gamm*, 944 F.3d at 465. Accordingly, the district court did not err in holding that the Amended Complaint failed to state a claim because it did not plead with particularity how Volkswagen's alleged coordinated conduct was unlawful or anticompetitive.[3]

## II.     Leave to Amend

Plaintiffs-Appellants also challenge the district court's dismissal of their Amended Complaint without granting leave to amend for a second time. Plaintiffs-Appellants contend that the district court erred in not explaining the reasons for its denial. While leave to amend should generally be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), it may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party," *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (internal quotation marks omitted). "Futility is a determination, as a matter of law, that proposed amendments would

---

[3] To the extent some of the statements are alleged to be misleading regardless of whether Volkswagen's conduct was unlawful *or* anticompetitive, those statements constitute immaterial puffery, as the district court correctly found.

6

fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) . . . ." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). Moreover, while we have sometimes held denial of leave to amend without explanation to be an abuse of discretion, *see, e.g.*, *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), review of a district court's denial of leave to replead ultimately "involves the appraisal of numerous factors, and a court of appeals exercises considerable discretion in addressing the question," *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) (per curiam); *see also In re: Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006), *as amended* (Aug. 10, 2006) ("It is within the [district] court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss.").

If allowed to amend their complaint for a second time, Plaintiffs-Appellants propose to add allegations that: (1) the European Commission informed Volkswagen and other members of the Group of Five of its preliminary view that the Group had breached the European Union's antitrust laws from 2006 to 2014; and (2) German authorities fined Volkswagen and other members of the Group of Five €100,000,000 for anticompetitive steel purchasing practices. Both of these developments occurred after the close of briefing, in April 2019 and January 2020, respectively. And Plaintiffs-Appellants did not suggest a desire to supplement their complaint with them until December 2020. These proposed amendments "fail to cure prior deficiencies" identified by the district court for at least two reasons. *Panther Partners*, 681 F.3d at 119. First, a plaintiff cannot cure a failure to plead a strong inference of scienter by adding allegations of "fraud by hindsight." *Novak v. Kasaks*, 216 F.3d 300, 309 (2d Cir. 2000) (internal quotation marks omitted); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1129 (2d Cir. 1994) (holding that allegations that defendants' predictions turned out to be false and overly optimistic did not

7

support an inference of fraud at the time the predictions were made). Allegations from 2019 and 2020 thus do nothing to cure the district court's determination that Plaintiffs-Appellants failed to raise a strong inference of scienter as to any of the challenged statements from Volkswagen's 2012–2015 annual reports. *See Mucha*, 540 F. Supp. 3d at 302. Second, the proposed amendments do not further explain how Volkswagen's conduct was anticompetitive and unlawful, so as to cure the Amended Complaint's failure to plead the manner in which this conduct rendered Volkswagen's statements materially misleading. In such circumstances, the district court did not abuse its discretion in denying leave to amend.

\* \* \*

We have considered Plaintiffs-Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court