John **MARTINO**, Plaintiff,

v.

Kennon **MILLER**, Surgeon, Kevin Pranikoff, Surgeon, Christopher Pieczonka, Surgeon, Vijay Kotha, Surgeon, Jane or John Doe, Anesthesiologist, Doctor, Jane or John Doe, Equipment Supervisor, Erie County Medical Center Jane or John Doe, Supervisior, and Jane or John Doe, Pathologist, Defendants.

No. 04–CV–0313S.

United States District Court, W.D. New York.

May 3, 2004.

John H. Martino, Collins, NY, pro se.

## DECISION AND ORDER

LARIMER, District Judge.

### *INTRODUCTION*

Plaintiff John Martino, an inmate of the Collins Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that while he was an inmate the defendants, physicians and non-physician supervisory personnel at the Erie County Medical Center, violated his constitutional rights when they performed, participated in or supervised an operation to remove his right kidney and part of his bladder without a definitive diagnosis of cancer. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

■ Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.,* regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson,* 189 F.3d 284, 287 (2d Cir.1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se.*" *Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir.1998). Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to state a claim under § 1983, plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Dwares v. City of New York,* 985 F.2d 94, 98 (2d Cir.1993).

### Plaintiff's Allegations

■ As noted above, plaintiff alleges that the defendants, all of whom are physicians and non-physicians associated with the Erie County Medical Center, participated in what he describes as a "wrongful operation" in October 2001 to remove plaintiff's right kidney and part of his bladder based on a "presumption" that he had transitional cell carcinoma despite diagnostic tests that were negative for cancer. Plaintiff also alleges that the surgery in October 2001 took longer than it should have due to faulty operative equipment and that he underwent a second procedure in August 2002 which entailed scraping of the bladder to remove what the defendants believed to be cancer. Plaintiff claims that the biopsy results of this scraping showed that he did not have cancer of the bladder but only an inflammation.

■ Properly and liberally construed plaintiff's claims allege a violation of his right not be subjected to cruel and unusual punishment under the Eighth Amendment.[1] To show that prison medical treat-

---

1. This obviously assumes that plaintiff has sufficiently alleged that the defendants were all acting "under color of state law" when they treated plaintiff or participated in the treatment plaintiff claims was wrongful and constitutionally infirm. *See* 42 U.S.C. § 1983; *see also West v. Atkins,* 487 U.S. 42, 53 n. 10, 57, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (private physician hired by state to provide medical care to prisoners was state actor because doctor was hired to fulfill state's constitutional obligation to attend to necessary medical care of prison inmates).

ment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that defendants' actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Harrison v. Barkley,* 219 F.3d 132, 136–137 (2d Cir.2000) ("A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'") (quoting *Chance v. Armstrong,* 143 F.3d 698, 702 (2d Cir.1998)). As the Supreme Court explained in *Wilson v. Seiter,* 501 U.S. 294, 298–99, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), this standard includes both an objective and a subjective component. With respect to the objective component, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the subjective component, the court must consider whether the deprivation was brought about by defendants in wanton disregard of those rights. *Id.* To establish deliberate indifference, therefore, plaintiff must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain. *See Wilson,* 501 U.S. at 299, 111 S.Ct. 2321; *DesRosiers v. Moran,* 949 F.2d 15, 19 (1st Cir.1991); *Ross v. Kelly,* 784 F.Supp. 35, 44 (W.D.N.Y.), *aff'd,* 970 F.2d 896 (2d Cir.), *cert. denied,* 506 U.S. 1040, 113 S.Ct. 828, 121 L.Ed.2d 698 (1992).

■ The Court in *Estelle* cautioned that mere negligence is not actionable. "A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106, 97 S.Ct. 285. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, 97 S.Ct. 285, or "incompatible with the evolving standards of decency that mark the progress of a maturing society," *id.* at 105–06, 97 S.Ct. 285. It is clear, then, that allegations of malpractice do not state a constitutional claim. *Id.,* 429 U.S. at 106 n. 14, 97 S.Ct. 285, 50 L.Ed.2d 251; *Chance,* 143 F.3d at 703–04; *Ross,* 784 F.Supp. at 44.

■ Likewise, an inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance,* 143 F.3d at 703; *see also Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977) ("The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion"). Even when giving the complaint the most generous and liberal reading possible, the Court finds that the complaint alleges only a claim for medical malpractice against the defendants and a claim of negligence in regard to the alleged faulty equipment. The allegations of the complaint simply do not rise to the level of a constitutional violation that is actionable under 42 U.S.C. § 1983. Moreover, while the usual practice is to allow leave to replead a deficient complaint, *see* Fed.R.Civ.P. 15(a); *see also Ronzani v. Sanofi, S.A.,* 899 F.2d 195, 198 (2d Cir. 1990), such leave may be denied where amendment would be futile, *see Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend.").

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an

Authorization with respect to the filing fee. Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

### *ORDER*

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.