**Delois BLAKELY, et al., Plaintiffs–Appellants,**

v.

**Ronald WELLS, Principal of Martin Luther King Jr. High School, et al., Defendants–Appellees.**

No. 05–4846–cv.

United States Court of Appeals, Second Circuit.

Dec. 13, 2006.

Delois Blakely, Dean Loren, Sandra Stevens, Demetria Palafox, Watasha Stevens, Randolph Palafox, pro se, New York, NY, for Plaintiffs–Appellants.

Grace Goodman, The City of New York Law Department, Office of Corporation Counsel, New York, NY, for Defendants–Appellees.

PRESENT: Hon. CHESTER J. STRAUB, Circuit Judge,* and Hon. JOHN F. KEENAN, District Judge.**

* The Honorable Amalya L. Kearse, who was originally assigned to the panel for this appeal, recused herself and did not participate. The appeal was heard and decided by the panel's remaining two judges pursuant to this Court's Local Rule § 0.14(b).

** The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

1. Before reaching the merits of the appeal, we address the two motions filed by Plaintiff Dean Loren on October 11, 2006 and December 8, 2006. Specifically, these motions seek: (1) the recusal of several judges of this Court; (2) a "Scheduling Order for Settlement Conference with Oral Argument, pursuant to 2nd Circuit Local Rules of Court § 0.14 Quorem and Local Rule 27(f), (a)"; (3) a transcript of oral argument held before this Court on September 11, 2006; and (4) the recalendaring of *Loren v. Levy*, No. 03–7577, and its joinder with the instant case.

Loren's motion to recuse Judge Richard J. Cardamone and Judge Amalya L. Kearse is

**SUMMARY ORDER**

Plaintiffs–Appellants Delois Blakely, *et al.*, *pro se*, appeal from the July 26, 2004 judgment of the United States District Court for the Southern District of New York (Michael Mukasey, *Judge*), dismissing their second amended complaint with prejudice for failure to comply with Federal Rule of Civil Procedure 8(a). Plaintiffs also appeal the District Court's February 9, 2005 order denying their motion for reconsideration, in which they asserted that the District Court had erred in dismissing the action with prejudice without first giving them notice of the deficiencies in the second amended complaint. We assume the parties' familiarity with the facts and specification of issues on appeal.[1]

█ As an initial matter, the notice of appeal was timely as to both the February 9, 2005 order and the underlying judgment because Plaintiffs' motion for reconsideration, filed with ten days of the entry of judgment, tolled the thirty-day period for

denied as moot, as they did not participate in the decision of this case. The motion to disqualify Judge Chester J. Straub and Judge John F. Keenan is denied for failure to establish either an appearance of impartiality, or actual prejudice or bias, as required under 28 U.S.C. § 455(a) and (b)(1).

The remaining requests are also without merit. Loren's motion for a scheduling order is denied as moot, since a pre-argument conference was previously scheduled for April 24, 2006, and oral argument was rescheduled for December 8, 2006. Loren's request for a transcript of the September 11, 2006 oral argument is similarly denied as moot, as the docket shows that a copy of that transcript was sent to him on October 2, 2006. Finally, Loren's motion for recalendaring and joinder of *Loren v. Levy* is denied for the reason that this Court has already affirmed the district court's decision in *Loren v. Levy*, and the Supreme Court has denied Loren's petition for a writ of *certiorari*. *See Loren v. Levy*, 120 Fed.Appx. 393 (2d Cir.2005) (unpublished disposition), *cert. denied*, —— U.S. ——, 126 S.Ct. 564, 163 L.Ed.2d 500 (2005).

appeal until the disposition of that motion. *See* Fed. R.App. P. 4(a)(4)(A); *see also Ametex Fabrics, Inc. v. Just In Materials, Inc.*, 140 F.3d 101, 106 (2d Cir.1998). This Court reviews a district court's dismissal of a complaint for failure to comply with Rule 8(a) for abuse of discretion. *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000). "A court abuses its discretion when its decision rests on a legal error or a clearly erroneous factual finding, or when its decision does not fall within the range of permissible decisions." *RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 316 (2d Cir.2003) (per curiam). We review a district court's denial of a motion for reconsideration under the same standard. *See id.*; *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 131–32 (2d Cir.1999).

■ The Federal Rules of Civil Procedure require that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (quoting 5 C. Wright & A. Miller, Federal Practice And Procedure § 1281, at 365 (1969)) (alteration in original). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Id.*; *see also Kittay*, 230 F.3d at 541.

■ The District Court acted within the bounds of permissible discretion in dismissing the second amended complaint for noncompliance with Rule 8(a). The pleading, which spanned 57 pages and contained 597 numbered paragraphs, was far from short or plain. Moreover, as the District Court correctly observed, much of the complaint was incoherent and did not provide Defendants with fair notice of the claims asserted against them. *See Salahuddin*, 861 F.2d at 43 (affirming the dismissal under Rule 8 of a *pro se* complaint that "span[ned] 15 single-spaced pages" and "contain[ed] a surfeit of detail" with "explicit descriptions of 20–odd defendants, their official positions, and their roles in the alleged denials of [the plaintiff's] rights").

The District Court dismissed the second amended complaint with prejudice, explaining that "plaintiffs have amended their complaint twice already and their most recent pleading fails to come close to satisfying Rule 8(a)'s 'short and plain' requirement. . . ." Whether or not to grant leave to amend is a decision reserved to the sound discretion of the district court. *See id.* at 42. In exercising that discretion, however, "the district court is required to heed the command of Rule 15(a) to grant leave to amend 'freely . . . when justice so requires.'" *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) (quoting FED. R. CIV. P. 15(a)); *see Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Accordingly, this Court has held that "it will generally be an abuse of discretion to deny leave to amend when dismissing a nonfrivolous original complaint on the sole ground that it does not constitute the short and plain statement required by Rule 8." *Salahuddin*, 861 F.2d at 42. "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir.1999).

In the present case, Plaintiffs amended their complaint twice prior to the dismissal, once in state court and another time in federal court following removal. Presum-

ably, however, when amending their complaint the first time, Plaintiffs sought to comply with the state court's particular pleading requirements. Moreover, while the record reflects that the District Court was aware of Plaintiffs' intention to file a second amended complaint, there is no indication that the District Court notified Plaintiffs of the defects in their first amended complaint or warned them that the action would be dismissed with prejudice if those defects were not corrected. In this context, Plaintiffs' second amended complaint should have been treated as the "original" complaint for purposes of deciding whether or not leave to amend should be granted. *See Ronzani v. Sanofi S.A.,* 899 F.2d 195, 198 (2d Cir.1990); *Goldberg v. Meridor,* 567 F.2d 209, 213 (2d Cir. 1977), *cert. denied,* 434 U.S. 1069, 98 S.Ct. 1249, 55 L.Ed.2d 771 (1978); *cf. Denny v. Barber,* 576 F.2d 465, 471 (2d Cir.1978). Because the District Court did not find Plaintiffs' claims to be entirely frivolous on their face, we conclude that the District Court exceeded its allowable discretion in dismissing the action without affording Plaintiffs an opportunity to amend. *See Ronzani,* 899 F.2d at 198; *see also Salahuddin,* 861 F.2d at 43 (expressing "doubt that a dismissal of the present action with prejudice solely on the basis of even an amended pleading [would] be appropriate," given that the original complaint "erred on the side of detail rather than vagueness" and "contain[ed] at least some claims that [were] not frivolous on their face"). For this reason, we vacate the judgment of the District Court and remand for further proceedings.[2]

The remaining claims set forth in Plaintiffs' notice of appeal are deemed waived.

*See Tolbert v. Queens College,* 242 F.3d 58, 75 (2d Cir.2001) ("It is a settled appellate rule that issues averted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks omitted)).

For the foregoing reasons, the judgment of the District Court is hereby VACATED, and the case is REMANDED for further proceedings in accordance with this order.

---

2. We leave it to the District Court to determine whether the previously proposed third amended complaint, attached to Plaintiffs' motion for reconsideration, should be filed, or whether Plaintiffs should be directed to file a new pleading after further instruction. We express no opinion as to the sufficiency of the allegations in the proposed third amended complaint.