08-5871-cv
Blakely v. N.Y. City Dep't of Educ.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of May, two thousand ten.

PRESENT:   JON O. NEWMAN,
                      CHESTER J. STRAUB,
                      REENA RAGGI,
                                              *Circuit Judges.*

------------------------------------------------------------------------

DELOIS BLAKELY, MARTIN LUTHER KING JR.,
H.S. PARENTS, individually and on behalf of all others
similarly situated, DEMETRIA PALAFOX, MARTIN
LUTHER KING JR. H.S. PARENTS, individually and
on behalf of all similarly situated, MICHAEL DELAROS,
RANDY PALAFOX, for the Special Education, Title 1
and Civil Rights of Martin Luther King Jr. H.S. Students,
individually and on behalf of all others similarly situated,
                                              *Plaintiffs*,

DEAN LOREN, MARTIN LUTHER KING JR., H.S.
PARENTS, individually and on behalf of all others
similarly situated, SANDRA STEVENS, MARTIN
LUTHER KING JR., H.S. PARENTS, individually
and on behalf of all others similarly situated, WATASHA
STEVENS, for the Special Education, Title 1 and Civil
Rights of Martin Luther King Jr. H.S. Students,
individually and on behalf of all others similarly situated,
SOLOMON BRYANT,
                                              *Plaintiffs-Appellants*,

v.                                                          No. 08-5871-cv

RONALD WELLS, Principal of Martin Luther King Jr.
High School, BOARD OF EDUCATION OF THE CITY
OF NEW YORK, RUDOLPH F. CREW, School's
Chancellor, STEPHANIE D'AMORE FERRANDINO,
Principal Martin Luther King Jr. High School,
WELTON SAWYER, Manhattan Superintendent,
GRANGER B. WARD, in his individual and official
capacity as Manhattan Superintendent, NEW YORK
CITY DEPARTMENT OF EDUCATION, MICHAEL
BLOOMBERG, as Mayor of New York City, JOEL
KLEIN, School's Chancellor, RUDOLPH  GIULIANI,
as Mayor of New York City, MICHAEL CARDOZO,
in his individual and official capacity as Corporation
Counsel, CHAD VIGNOLA, in his individual capacity
as General Counsel,

                              *Defendants-Appellees*,

KIM MURELL, PTA Principal of Martin Luther King
Jr. High School, THE CITY OF NEW YORK, HAROLD
O. LEVY, School's Chancellor, BURTON SACKS,
NEIL HARWAYNE, MR. WOO,

                              *Defendants*.

------------------------------------------------------------------------

APPEARING FOR APPELLANTS:        DEAN LOREN, *pro se*, SANDRA STEVENS,
                                 *pro se*, SOLOMON BRYANT, *pro se*
                                 (WATASHA STEVENS, *pro se*, *on the brief*),
                                 New York, New York.

APPEARING FOR APPELLEES:         MORDECAI NEWMAN, Assistant Corporation
                                 Counsel (Larry A. Sonnenshein, Assistant
                                 Corporation Counsel, *on the brief*), *for* Michael
                                 A. Cardozo, Corporation Counsel of the City of
                                 New York, New York, New York, *on behalf of
                                 Defendants-Appellees New York City Department
                                 of Education, New York City Board of Education,
                                 and Harold O. Levy*.

        Appeal from the United States District Court for the Southern District of New York

(Loretta A. Preska, *Chief Judge*).

2

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's September 24, 2008 order and March 23, 2009 judgment are AFFIRMED.

Pro se plaintiffs Dean Loren, Sandra Stevens, Watasha Stevens, and Solomon Bryant appeal from the dismissal of their complaint brought pursuant to 42 U.S.C. §§ 1983 and 1985; Title I of the No Child Left Behind Act of 2001 ("NCLB"), 20 U.S.C. § 6301; the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; the Due Process and Equal Protection Clauses of the Fourteenth Amendment; and New York state law. We review the challenged dismissal de novo, see Curto v. Edmundson, 392 F.3d 502, 503 (2d Cir. 2004), assuming the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

As a threshold matter, we note that plaintiffs do not identify any specific error in the district court's dismissal of their complaint. They state only that the district court failed to "sufficiently review[]" this court's December 2006 summary order. Appellants' Br. at 1. While the failure to claim error in the district court's dismissal likely waives any such argument, see LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir. 1995) (holding that when litigant raises issue before district court but does not raise it on appeal, it is deemed abandoned), we have reviewed the record independently and conclude, for substantially the reasons stated by the district court, that plaintiffs' complaint was properly dismissed under

3

Fed. R. Civ. P. 12(b)(6) for failure to state a claim, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, even after Iqbal and Twombly, courts are required to construe pro se pleadings liberally).

To the extent plaintiffs contend that the district court did not sufficiently review the case pursuant to our December 2006 order, we are not persuaded. In that order, we expressed no opinion as to the merits of plaintiffs' claims but remanded solely on the ground that the district court had exceeded its discretion in dismissing plaintiffs' second amended complaint without granting leave to amend.[1] See Blakely v. Wells, 209 F. App'x 18, 20-21 (2d Cir. 2006). The district court, properly following our order, did afford plaintiffs an opportunity to file an amended complaint. Indeed, it inquired whether plaintiffs preferred to submit a new amended complaint or have the court consider their third amended complaint, which was submitted in connection with a prior Rule 60(b) motion. On this record, we conclude that the district court acted in accordance with our December 2006 order.

Any argument that the district court violated the December 2006 order by dismissing plaintiffs' NCLB claims pursuant to Fed. R. Civ. P. 8 is equally unavailing. Even assuming the Rule 8 dismissal was error, we consider it harmless as NCLB does not provide a private right of action. See Horne v. Flores, 129 S. Ct. 2579, 2598 n.6 (2009) (noting that "NCLB does not provide a private right of action" and is "enforceable only by the agency charged

---

[1] Plaintiffs' second amended complaint was the first complaint filed in federal court, as the action was initially filed in state court and thereafter removed to federal court by defendants.

with administering it"); <u>Newark Parents Ass'n v. Newark Pub. Sch.</u>, 547 F.3d 199, 203-05 (3d Cir. 2008) (holding that NCLB did not confer private right of action enforceable under § 1983); <u>see also</u> <u>Association of Cmty. Orgs. for Reform Now v. N.Y. City Dep't of Educ.</u>, 269 F. Supp. 2d 338, 343-44, 347 (S.D.N.Y. 2003) (same).

We have considered plaintiffs' remaining arguments on appeal and conclude that they are without merit. For the foregoing reasons, the September 24, 2008 order and March 23, 2009 judgment of the district court are AFFIRMED.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court