OPINION OF THE COURT
Lucy Billings, J.
Plaintiff brings two related actions challenging defendants’ use of federal funds received pursuant to the No Child Left Behind Act. (20 USC §§ 6301-6303, 6311, 6314, 6363.) In each action plaintiff alleges that the Manhattan Center for Science and Mathematics, a New York City public school administered by defendants, was required to use these federal funds only to supplement, not to supplant, funds from nonfederal sources. (Index No. 100905/2014, verified complaint at 7, 19; index No. 101431/2014, verified complaint at 7, 19.)
I. Plaintiff’s First Action
Plaintiff’s action under index No. 100905/2014 concerns defendants’ use of federal funds received during the 2009-2010 school year. Plaintiff claims defendants misrepresented that they used the federal funds to reduce class size, when in fact they used the funds to hire guidance counselors to meet a state regulatory mandate, resulting in the use of federal funds to supplant, rather than supplement, state and local funds. (Verified complaint at 20-21, 27, 58-60, 65-68; 8 NYCRR 100.2 (j].) In sum, plaintiff insists that defendants used the federal funds *173 for purposes for which state or local funds were already available, instead of using the federal funds for additional, supplemental services.
Plaintiff first filed a complaint challenging the Manhattan Center’s misallocation of federal funds under the New York State Department of Education’s “No Child Left Behind Written Complaint and Appeal Procedures.” (Verified complaint at 30-31, exhibits G, H.) The New York State Department of Education (NYSDOE) investigated plaintiff’s allegations and found them unsubstantiated. (Id. at 32-33.) Plaintiff appealed this determination administratively within NYSDOE according to its complaint and appeal procedures, claiming further that defendant Sachs ignored clear and convincing evidence showing defendants’ misallocation of federal funds and acted in bad faith when she did not substantiate his administrative complaint. Following NYSDOE’s denial of the appeal, plaintiff requested the United States Department of Education (USDOE) to grant a discretionary review of NYSDOE’s determination. (Id. at 36-38; aff of Neil Giovanatti, exhibit 4.) USDOE denied plaintiff’s request for a review and affirmed NYSDOE’s determination. (Giovanatti aff, exhibit 4.)
Plaintiff then commenced the first action seeking a declaration that defendants misallocated federal funds during the 2009-2010 school year, misrepresented the expenditures of those federal funds, and concealed the misallocation of the funds. (Verified complaint at 15-16.) Defendants move to dismiss the complaint based on the court’s lack of jurisdiction over the subject matter and plaintiff’s lack of standing and failure to plead a cognizable claim. (CPLR 3211 [a] [2], [7].)
II. Plaintiff’s Second Action
Plaintiff’s action under index No. 101431/2014 alleges that defendants again misallocated federal funds under 20 USC §§ 6301-6303, 6311, 6314 and 6363 at the Manhattan Center during the 2011-2012 school year, specifically by using those funds to provide mandated services, supplanting the use of state and local funds in violation of the federal statutes. (Verified complaint at 13, 40, 54-55.) Plaintiff again claims defendants, in particular defendant Jimenez, misrepresented that they used the federal funds to provide supplemental services. (Id. at 61.)
Plaintiff never filed any complaint under NYSDOE’s complaint procedure regarding the Manhattan Center’s use of *174 federal funds in the 2011-2012 school year. Consequently, defendants move to dismiss the complaint regarding this later school year based on plaintiffs lack of standing and his failure to exhaust administrative remedies and to plead a cognizable claim. (CPLR 3211 [a] [5], [7].)
III. Plaintiffs Failure to State a Claim
The No Child Left Behind Act provides states federal funding for education if the states comply with the statutes’ mandates. (20 USC §§ 6301-6303, 6311, 6314, 6363; Campaign for Fiscal Equity v State of New York, 100 NY2d 893, 926 [2003]; Matter of Thomas v New York City Dept. of Educ., 103 AD3d 495, 497 [1st Dept 2013].) Federal regulations under the statutes require that states receiving this funding adopt written procedures to resolve complaints that a state or local education agency has violated the statutes or their implementing regulations, to review appeals from an agency’s decision regarding a complaint, and to investigate a complaint if the agency determines an investigation is necessary. (34 CFR 299.10 [a].) The No Child Left Behind Act does not provide a private right of action for violation of the federal statutes, which are enforceable only by USDOE, charged with administering the statutes in cooperation with state and local education agencies. (Horne v Flores, 557 US 433, 456 n 6 [2009]; Blakely v Wells, 380 Fed Appx 6, 8 [2d Cir 2010]; Newark Parents Assn. v Newark Pub. Schs., 547 F3d 199, 212, 214 [3d Cir 2008]; Association of Community Orgs. for Reform Now v New York City Dept. of Educ., 269 F Supp 2d 338, 343-344, 347 [SD NY 2003].)
NYSDOE’s Office of Accountability has established the written procedures required for resolving complaints and reviewing appeals of these complaints. (Index No. 100905/2014, verified complaint, exhibit G; index No. 101431/2014, aff of Robin E. Singer, exhibit A.) These procedures in turn required that plaintiff file any complaint regarding the implementation of the No Child Left Behind Act (20 USC §§ 6301-6304, 6311, 6312) with the district superintendent. (Index No. 100905/ 2014, verified complaint, exhibit G, at 2; index No. 101431/ 2014, Singer aff, exhibit A, at 2.) Plaintiff then was required to file any appeal of the District Superintendent’s decision or any further complaint regarding the handling of the complaint with NYSDOE. (Index No. 100905/2014, verified complaint, exhibit G, at 2-4; index No. 101431/2014, Singer aff, exhibit A, at 2-4.) Finally, plaintiff was required to file any appeal of NYSDOE’s *175 decision with USDOE. (Index No. 100905/2014, verified complaint, exhibit G, at 4-5; index No. 101431/2014, Singer aff, exhibit A, at 4-5.)
The court must dismiss plaintiff’s first action regarding the 2009-2010 school year because plaintiff has fully availed himself of NYSDOE’s complaint and appeal procedures. Plaintiff first filed a complaint with the New York City District Superintendent, then appealed the District Superintendent’s decision to NYSDOE, and finally appealed NYSDOE’s decision to USDOE, which denied plaintiff’s request for a review. (Verified complaint at 30-38.) Therefore plaintiff has exhausted the exclusive remedy provided by federal law for his complaint, as the No Child Left Behind Act (20 USC §§ 6301-6304, 6311, 6312) does not provide him a private right of action to challenge further defendants’ use of federal funds. (Horne v Flores, 557 US at 456 n 6; Blakely v Wells, 380 Fed Appx at 8; Newark Parents Assn. v Newark Pub. Schs., 547 F3d at 212, 214; Association of Community Orgs. for Reform Now v New York City Dept. of Educ., 269 F Supp 2d at 343-344, 347.)
Plaintiff suggests that, because he had not received NYSDOE’s investigative report finding his allegations unsubstantiated and showing the reasons for its determination, he was deprived of the necessary information during his administrative appeals. That previous lack of information and its subsequent availability might have provided a basis to stay an administrative appeal or even to reopen it, but does not provide a basis to circumvent plaintiff’s exclusive avenue of relief provided by federal law. Because the multi-tiered administrative remedy provided by federal law is plaintiff’s exclusive avenue for challenging defendants’ expenditure of public funds under that federal law, plaintiff may not maintain a taxpayer action under General Municipal Law § 51 or any other claim under federal or state law to challenge the expenditure. (Horne v Flores, 557 US at 456 n 6; Blakely v Wells, 380 Fed Appx at 8; Newark Parents Assn. v Newark Pub. Schs., 547 F3d at 214; Association of Community Orgs. for Reform Now v New York City Dept. of Educ., 269 F Supp 2d at 345-346; see Uhr v East Greenbush Cent. School Dist., 94 NY2d 32, 42 [1999]; Brian Hoxie’s Painting Co. v Cato-Meridian Cent. School Dist., 76 NY2d 207, 213-214 [1990]; Rhodes v Herz, 84 AD3d 1, 13 [1st Dept 2011]; Matter of George v Bloomberg, 2 AD3d 294, 294-295 [1st Dept 2003].) “NCLB is enforceable only by the agency charged with [enforcing] it”: USDOE. (Horne v Flores, 557 US *176 at 456 n 6; Blakely v Wells, 380 Fed Appx at 8; see Newark Parents Assn. v Newark Pub. Schs., 547 F3d at 214; Association of Community Orgs. for Reform Now v New York City Dept. of Educ., 269 F Supp 2d at 345-346.) The “Secretary of Education is provided with the sole enforcement authority for violations of the Act.” (Association of Community Orgs. for Reform Now v New York City Dept. of Educ., 269 F Supp 2d at 346; see 20 USC § 6311 [g] [2]; Newark Parents Assn. v Newark Pub. Schs., 547 F3d at 214.)
Similarly, the court must dismiss plaintiffs second action, as plaintiffs sole remedy to challenge defendants’ use of the federal funds under the No Child Left Behind Act (20 USC §§ 6301-6304, 6311, 6312) is through NYSDOE’s complaint and appeal procedures. As explained above, the federal statutory framework does not provide plaintiff a private right to enforce the statutes’ provisions and thus deprives him of a cause of action here.
IV. Conclusion
For all the reasons explained above, the court grants defendants’ motions to dismiss the complaint in each action. (CPLR 3211 [a] [7].)